IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JASON STALTER,

      Petitioner,

v.                                  Case No. 1:23-cv-00404-JCH-LF

VISTULA CURRY and
CHARLENE HAGERMAN,

      Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court *sua sponte* following Mr. Stalter's failure to respond to the Court's Order to Show Cause, filed April 13, 2026. Doc. 14. The Court found records indicating that Mr. Stalter had been released from custody and sought his updated address, since his mailing address was still listed as the Penitentiary of New Mexico in Santa Fe. *Id.* Mr. Stalter did not respond to the Order to Show Cause, and the deadline to do so has passed. The Order to Show Cause stated, "If Mr. Stalter does not provide an updated mailing address within this time, I will recommend that the Court dismiss his § 2254 petition." *Id.* at 2.

In determining whether to dismiss a case as a sanction for misconduct, the Court considers the factors outlined in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).[1]

---

[1] "Ordinarily a court need not consider the *Ehrenhaus* factors when the dismissal is without prejudice," but when the statute of limitations has run, a dismissal without prejudice is "effectively with prejudice" and a district court acts appropriately in considering the *Ehrenhaus* factors. *Villecco v. Vail Resorts, Inc.*, 707 F. App'x 531, 534 (10th Cir. 2017). Mr. Stalter filed his petition under 28 U.S.C. § 2254 on May 10, 2023. Doc. 1. A one-year statute of limitations applies to such claims. *See* 28 U.S.C. § 2244(d)(1); *Gross v. Long*, No. 25-1169, 2026 WL 83523, at *1 (10th Cir. 2026). Because three years have elapsed since Mr. Stalter's filing, the statute of limitations has run, and a dismissal without prejudice is "effectively with prejudice" pursuant to *Villecco* such that consideration of the *Ehrenhaus* factors is proper.

These factors include "the degree of actual prejudice to the defendant," "the amount of interference with the judicial process," "the culpability of the litigant," "whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance," and "the efficacy of lesser sanctions." *Id.*

Here, the degree of actual prejudice to the respondents is moderate: the case is stalled because Mr. Stalter cannot be reached, leaving the respondents with no possibility for resolution. Although the respondents currently are not incurring litigation costs because they have not needed to file anything given the lack of progress in the case, they must continue to monitor the docket for updates and they have no means of resolving this matter. *See Faircloth v. Hickenlooper*, 758 F. App'x 659, 662 (10th Cir. 2018) (recognizing prejudice in the form of "delay and mounting attorney's fees"). With regard to the second factor, the interference with the judicial process is significant because the Court cannot take further action on the case if it cannot contact the petitioner.

The culpability of the litigant is high with regard to Mr. Stalter's failure to update his address, a matter which is his responsibility as a litigant. *Faircloth*, 758 F. App'x at 662. Within days of the filing of this case, the Court mailed Mr. Stalter a pro se litigant packet which includes the statement, in bold, "All attorneys of record and parties appearing *pro se* have a continuing duty to notify the Clerk, in writing, of any change in their mailing address, e-mail address, or telephone number." Guide for Pro Se Litigants at 8, United States District Court, District of New Mexico (October 2022). Mr. Stalter responded to other court filings appropriately after the pro se packet was mailed to him, so presumably he also received the pro se packet. *See* Docs. 10, 13. A screenshot of the docket indicating the mailing of the packet appears below.

2

| Date Filed | # | Docket Text |
|---|---|---|
| 05/10/2023 | 1 | PETITION Under 28 U.S.C. 2254 for a Writ of Habeas Corpus, filed by Jason Stalter. (bc) (Entered: 05/10/2023) |
| 05/10/2023 | 2 | APPLICATION to Proceed In Forma Pauperis, filed by Jason Stalter. Related document: 1 Petition for 2254 Relief filed by Jason Stalter. (bc) (Entered: 05/10/2023) |
| 05/10/2023 |  | United States District Judge Judith C. Herrera and United States Magistrate Judge Laura Fashing assigned. (bc) (Entered: 05/10/2023) |
| 05/12/2023 |  | [COURT ONLY] (Court only) ***Staff Notes: Prisoner complaint packet mailed to plaintiff. (dr) (Entered: 05/12/2023) |
| 08/25/2023 | 3 | ORDER to Cure Defects by Magistrate Judge Laura Fashing. Cure Defects by 9/25/2023. (cda) (Entered: 08/25/2023) |

Mr. Stalter's culpability is unknown with regard to his failure to respond to the Court's Order to Show Cause; it is possible that Mr. Stalter did not receive the Court's Order to Show Cause because it was sent to his prison address, where he no longer resides. It is unknown whether his mail has been forwarded to his new address. Nonetheless, even if he did not receive the Order to Show Cause, he bears culpability because missing court communications and deadlines is a predictable consequence of failing to maintain an updated address on the docket.

As for the fourth factor, the Court warned Mr. Stalter in advance about the possibility that it would dismiss his petition if he did not provide an updated mailing address within the appropriate timeframe. *See* Doc. 14 at 2. Finally, lesser sanctions than dismissal would be ineffective. If Mr. Stalter is not receiving court communications because he has not updated his address, he likely would not know if he received an order imposing monetary sanctions or other lesser measures. Those measures therefore would not be likely to change his behavior.

Reviewing the factors in totality, I recommend that the Court find dismissal without prejudice to be an appropriate sanction in this case.

3

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court.** *Id.* **In other words, if no objections are filed, no appellate review will be allowed.**

LAURA FASHING
UNITED STATES MAGISTRATE JUDGE

4